**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 11 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

OKLAHOMA FIXTURE COMPANY,

    Plaintiff-Appellant,

v.

LOCAL 942 INTERNATIONAL
BROTHER-HOOD OF CARPENTERS
AND JOINERS OF AMERICA, sued
as: United Brotherhood of Carpenters
and Joiners of America, AFL-CIO,
Local No. 943 and Mary Shirley,

    Defendants-Appellees.

No. 97-5009
(D.C. No. 96-CV-216-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Oklahoma Fixture Company (OFC) appeals the district court's denial of its motion for summary judgment and grant of summary judgment in favor of Mary Shirley and the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, Local No. 943 (the Union).

On March 22, 1995, OFC terminated Ms. Shirley's employment pursuant to Article 5.5(F) of the collective bargaining agreement between it and the Union. Article 5.5(F) provides an employee shall lose his seniority rights,

> [w]ith the exception of lay-off, if he has performed no work for the Company for a period of one hundred eighty (180) calendar days in a twelve (12) month period (the 180 calendar days does not mean consecutive days) without regard for the reason the employee has performed no work for the Company for such period.

The Union filed a grievance on behalf of Ms. Shirley which was submitted to arbitration pursuant to the collective bargaining agreement.

After a hearing and supplemental briefing, the arbitrator found in favor of Ms. Shirley. The arbitrator determined the 180-day limit on missed work should not include days when OFC's plant was closed or vacation days when no work could be done. The arbitrator calculated that if weekends, holidays, and vacation were counted towards the 180-day limit, an employee could be terminated if she missed nine work weeks in the course of a twelve-month period. The arbitrator

found this conflicted with the twelve weeks of job-protected leave under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (1994). The arbitrator then ordered Ms. Shirley reinstated with no loss in seniority, if she produced a medical release to return to work.

On March 19, 1996, OFC filed this action requesting the arbitration award be vacated. On December 16, 1996, the district court granted summary judgment in favor of Ms. Shirley and the Union finding no basis to overturn the arbitrator's award.

On appeal, OFC contends the arbitrator's award was based upon her interpretation of the FMLA, not the plain language of the collective bargaining agreement. OFC asserts the Arbitrator improperly applied her own brand of justice based on sympathy for Ms. Shirley and her reading of the FMLA. OFC also argues there is no conflict between Article 5.5(F) and the FMLA.

We review the district court's grant or denial of summary judgment *de novo* applying the same legal standard as the district court. *NCR Corp., E & M-Wichita v. International Ass'n of Machinists & Aerospace Workers, District Lodge No. 70*, 906 F.2d 1499, 1500 (10th Cir. 1990). The Federal Arbitration Act authorizes

vacation of an arbitrator's award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4) (1994). "An arbitrator's erroneous interpretations or applications of law are not reversible." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) (citing *Wilko v. Swan*, 346 U.S. 427, 436-37 (1953)). Only "manifest disregard" of the law is reversible. *Id.* We will not vacate an arbitrator's award unless it is "so unfounded in reason and fact, so unconnected with the wording and purpose of the ... agreement as to manifest an infidelity to the obligation of the arbitrator that the essence of the award has not been drawn from the [a]greement or that it violates the express language of the [a]greement." *International Bhd. of Elec. Workers, Local Union No. 611, AFL-CIO v. Public Serv. Co. of N.M.*, 980 F.2d 616, 619 (10th Cir. 1992) (internal quotation marks and citations omitted).

Our independent review of the arbitrator's decision and award, in light of our settled standard of review, satisfies us that the arbitrator here stayed well within her prescribed bounds of authority and the governing law when she construed Article 5.5(F) to exclude days when OFC was not open and there was no opportunity to work. At arbitration, OFC argued the language of Article 5.5(F) clearly states a "calendar day" is a simple twenty-four-hour day as

-4-

established by the calendar, regardless of whether the plant is open for business or not. In contrast, Ms. Shirley and the Union asserted a "calendar day" cannot include those days where the plant is not open for business since the purpose of having a worker present to do the job only makes sense if the plant is open. In rejecting OFC's and accepting the Union's interpretation of a "calendar day," the arbitrator found that "[t]o establish a policy that would run afoul of Federal law (leaving only nine five day work weeks as opposed to 12 week of FMLA) doesn't make sense or lend itself to the company interpretation." We hold this decision is well within the arbitrator's authority and it draws its essence from the collective bargaining agreement between the parties.

Accordingly, we **AFFIRM** the district court's order of December 17, 1996.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge